UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ThyssenKrupp Fabco Corp.,**
a Nova Scotia corporation,

    Plaintiff,

v.

**Heidtman Steel Products, Inc.,**
a Michigan corporation,

    Defendant.

Case No. 04-74331
Hon. Nancy G. Edmunds

---

| | |
|---|---|
| Daniel N. Sharkey (P53837)<br>Eric M. Mathis (P65384)<br>Butzel Long, P.C.<br>150 West Jefferson, Suite 100<br>Detroit, Michigan 48226-4450<br>313-225-7000<br><br>*Attorneys for ThyssenKrupp Fabco Corp.* | Jeffrey G. Heuer (P14925)<br>Patrice S. Arend (P56962)<br>Jaffe, Raitt, Heuer & Weiss, P.C.<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034<br>248-351-3000<br><br>John M. Carey (OH 0006248)<br>Robert W. Bohmer (OH 0063419)<br>Watkins, Bates & Carey, LLP<br>405 Madison Avenue, Suite 1900<br>Toledo, Ohio 43604-1207<br><br>*Attorneys for Heidtman Steel Products, Inc.* |

## ANSWER OF DEFENDANT
## HEIDTMAN STEEL PRODUCTS, INC.
## WITH JURY DEMAND

Defendant, Heidtman Steel Products, Inc. ("Heidtman") for its answer to the Verified Complaint for specific performance and injunctive relief states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Heidtman lacks knowledge or information sufficient for a belief as to the truth of the allegation that plaintiff ThyssenKrupp Fabco Corp. ("Fabco") is organized and existing

under the laws of Ontario, Canada, noting that the caption of the Complaint states that Fabco is a Nova Scotia corporation.

2. Heidtman denies the allegations of paragraph 2 of the Verified Complaint. Heidtman is an Ohio corporation having its principal place of business at 2401 Front Street, Toledo, Ohio.

3. Heidtman denies that this Court has jurisdiction pursuant to 28 USC 1332(a) because the amount in controversy does not exceed $75,000. As of the date of the Verified Complaint plaintiff has incurred no damage.

4. Heidtman admits that venue is proper.

## FACTUAL BACKGROUND ALLEGATIONS

5. Heidtman admits the allegations of paragraph 5 of the Verified Complaint.

6. Heidtman denies the allegations in paragraph 6 of the Verified Complaint in the form and manner alleged. Heidtman admits only that it is the supplier of cold rolled and hot rolled coil steel, which is manufactured by others, not by Heidtman.

7. Heidtman denies that on February 11, 2003 Fabco and Heidtman executed a long-term agreement to supply flat rolled coil steel and specifically denies that Exhibit A is a contract ever executed by Heidtman. Exhibit A is a status change to purchase order S100158 printed on September 23, 2004 and sent to the offices of plaintiff's counsel, not to Heidtman Steel.

8. Heidtman denies that the Steel Coil is specially designed and formulated for Fabco's specific engineering requirements. The .063 gauge coil steel is manufactured by Steel Dynamics, Inc. of Butler, Indiana, not by Heidtman. The .063 material is rolled to a standard automotive specification used throughout the industry. Similar steel is manufactured by other steel mills for provision to the automotive industry. The coil steel referenced here is then slit to

width by Heidtman, pickled and oiled and delivered to Fabco's Springfield, Tennessee assembly plant. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it is the only supplier of steel coil to Fabco.

9. Heidtman admits that the .063 material purchased from Heidtman is incorporated into assemblies which Fabco manufactures for the Nissan Motor Company, Ltd.

10. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 except in so far as it does believe the steel is used in the manufacture of the Pathfinder and Xterra vehicles manufactured by Nissan.

11. Heidtman denies that Fabco cannot make the assemblies without the .063 material supplied by Heidtman; such steel is available in the market from a number of sources. Heidtman is without knowledge or information sufficient to form a belief as to the truth of the allegation that Nissan cannot make the Pathfinder and Xterra vehicles without parts from Fabco.

12. Heidtman denies that any contract requires it to supply Fabco with Fabco's requirements of .063 material until September 25, 2006 because such allegation is untrue. The expiration date was a default setting in Fabco's purchase order software intended to indicate "one shot spot purchases." Fabco further has advised Heidtman to ignore expiration dates on its purchase orders.

13. Heidtman denies any contract fixes the price for the .063 material at $.3585. Beginning in January 2004, the price of almost all coil steel products sold by Heidtman increased throughout the year, reflecting surcharges imposed by steel mills and passed through by Heidtman to its customers. Fabco paid the increased prices announced by Heidtman in monthly e-mails. On July 19, 2004 Fabco submitted a purchase order at the indicated price of $.3585, which Heidtman rejected, indicating that the price was .4875.

14. On June 24, 2004 Heidtman sent an e-mail to Fabco announcing that the June price for the .063 steel coil would be $.4785. The June e-mail was consistent with similar e-mails or notices issued in January, February, March, April, May and June 2004.

15. Heidtman admits that on June 28th Fabco informed Heidtman that it was not accepting price increases at this time. Fabco had sent similar notices to Heidtman in preceding months. Fabco nonetheless continued to purchase material from Heidtman for which Heidtman invoiced at the announced prices, and which Fabco paid at the invoiced price.

16. Heidtman admits that on July 2, 2004 it responded to Fabco's June 28, 2004 e-mail stating that it would ship and bill at the July pricing and that the prices would have to be paid in order to continue shipments without interruption.

17. Heidtman admits that in a July 15, 2004 e-mail, and in response to an inquiry from Fabco, it advised Fabco that the history of surcharges was as shown on Exhibit E to the Verified Complaint.

18. Heidtman admits that on July 23, 2004 it informed Fabco of the August pricing for a range of material, including the .063 material. The July 23, 2004 e-mail was consistent with e-mails sent in prior months announcing prices for the following month. The percentage increase referenced in paragraph 18 of the Verified Complaint is consistent with the increased charges imposed by the steel mill for the .063 material.

19. Heidtman admits that on August 11, 2004 it advised Fabco that it would cease shipments unless Fabco paid prices in full and ceased it practice of deducting surcharges from its payments, a practice it had begun earlier in the summer. Heidtman denies that Fabco failed to pay the higher priced invoices and, in fact, Fabco brought its account current on September 1, 2004. With Fabco's agreement to bring the prior account current Heidtman continued to ship

steel to Fabco.

20. Heidtman denies that on November 2, 2004 it advised that it was making its last shipment of Steel Coil to Fabco and that it would not make the next scheduled weekly shipment. Rather, on November 3, 2004 Heidtman advised Fabco by an e-mail of that date that if Fabco did not pay its monthly invoices Heidtman would have no choice but to discontinue shipment and requested that Fabco state its intentions via e-mail.

21. Heidtman admits that it received the November 3, 2004 letter from Fabco's counsel exhibited to the Verified Complaint as Exhibit H. Heidtman neither admits nor denies the remaining allegations contained in paragraph 21 because the letter speaks for itself.

22. Heidtman denies the allegations contained in paragraph 22 because they are untrue. No Contract exists that fixes the price of the .063 material at $.3585 until September 25, 2006.

23. Heidtman denies the allegations contained in paragraph 23 of the Verified Complaint.

24. Heidtman admits the allegations of paragraph 24 of the Verified Complaint.

25. Heidtman lacks knowledge or information sufficient to form a belief as to the allegation that it is Fabco's sole supplier of coil steel for the assemblies. Heidtman denies that Fabco cannot obtain an alternate supply of steel coil, which may be purchased from Steel Dynamics, Inc. of Butler, Indiana, among others. Heidtman denies the remaining allegations of paragraph 25 of the Verified Complaint.

26. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegation relating to the Production Parts Approval Processes. Heidtman further lacks knowledge or information sufficient to form a belief as to the truth of the allegation that

Heidtman is Fabco's sole supplier of Steel Coils for the Assemblies. Heidtman denies the remaining allegations contained in paragraph 26 of the Verified Complaint and further states that the .063 material which Heidtman purchases from Steel Dynamics, Inc. may also be purchased by Fabco from Steel Dynamics, Inc.

27. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Verified Complaint.

28. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Verified Complaint.

29. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Verified Complaint.

30. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Verified Complaint.

31. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Verified Complaint.

32. Heidtman denies the allegations of paragraph 32 of the Verified Complaint because they are untrue. The .063 material which Fabco purchases from Heidtman is available from Steel Dynamics, Inc. of Butler, Indiana.

33. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Verified Complaint.

34. Heidtman denies the allegations contained in paragraph 34 of the Verified Complaint because they are untrue

35. Heidtman denies the allegations contained in paragraph 35 of the Verified Complaint because they are untrue. Fabco has been in repeated breach of its purchase order

S100158 by failing to pay within thirty (30) day net terms.

36. Heidtman denies the allegations contained in paragraph 36 of the Verified Complaint.

37. Heidtman denies the allegations contained in paragraph 37 of the Verified Complaint because they are untrue.

38. Heidtman lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Verified Complaint.

39. Heidtman denies the allegations contained in paragraph 39 of the Verified Complaint because they are untrue.

40. Heidtman denies the allegations contained in paragraph 40 of the Verified Complaint because they are untrue.

41. Heidtman denies the allegations contained paragraph 41 of the Verified Complaint because they are untrue.

42. Heidtman denies the allegations contained in paragraph 42 of the Verified Complaint because they are untrue.

## COUNT I
## BREACH OF CONTRACT/SPECIFIC PERFORMANCE

43 Heidtman adopts the several admissions, denials and averments set forth above.

44. Heidtman denies the allegations contained paragraph 45 of the Verified Complaint. Exhibit A to the Complaint is a status change to Purchase Order S100158 dated September 23, 2004, first seen by Heidtman as an exhibit to the Complaint, which was printed by Fabco and faxed to its counsel on October 14, 2004 for use as an exhibit.

45. Heidtman denies the allegations contained in paragraph 45 of the Verified Complaint. Fabco has been in repeated breach of its obligations under Purchase Order S100158

by its repeated failure to pay timely within terms.

46. Heidtman denies the allegations contained paragraph 46 of the Verified Complaint.

47. Heidtman denies that it has any obligation to supply the .063 material to Fabco at a price of $.3585.

48. Heidtman denies the allegations contained in paragraph 48 of the Verified Complaint because they are untrue.

49. Heidtman denies the allegations contained in paragraph 49 of the Verified Complaint and further denies that Fabco is entitled to any of the relief set forth in paragraph 49 of the Verified Complaint.

## COUNT II
## DECLARATORY RELIEF

50. Heidtman adopts the several admissions, denials and averments set forth above.

51. Heidtman denies that it has stopped supplying Fabco with the .063 material, denies that there is a fixed price contract, states affirmatively that Fabco has repeatedly breached its obligations under Purchase Order S100158 and denies that there is any fixed price agreement of a specified duration which has not yet expired.

52. Heidtman denies the allegations contained in paragraph 52 of the Verified Complaint by reason of Fabco's repeated breaches of the agreement.

53. Heidtman denies the allegations contained in paragraph 53 of the Verified Complaint because they are untrue.

54. Heidtman denies the allegations contained in paragraph 54 of the Verified Complaint because they are untrue.

55. Heidtman denies allegations contained in paragraph 55 of the Verified Complaint

because they are untrue.

56. Heidtman denies the allegations contained in paragraph 56 of the Verified Complaint, to include the jurisdictional averment of paragraph 56 of the Complaint. Further Heidtman denies that Fabco is entitled to any of the several remedies requested under paragraph 56 of the Verified Complaint.

## COUNT III
### ANTICIPATORY REPUDIATION OF REQUIREMENTS CONTRACT

57. Heidtman adopts the several admissions denials and averments set forth above.

58. Heidtman denies the allegations contained in paragraph 58 of the Verified Complaint because they are untrue.

59. Heidtman denies the allegations contained in paragraph 59 of the Verified Complaint because they are untrue.

60. Heidtman denies the allegations contained in paragraph 60 of the Verified Complaint because they are untrue.

61. Heidtman denies the allegations contained in paragraph 61 of the Verified Complaint and further states that Fabco, since January 27, 2004, has been aware of a possible interruption in supply of the .063 material and has been dilatory and negligent in failing to take any action to arrange for alternative sources of supply for the .063 material.

62. Heidtman denies the allegations contained in paragraph 62 of the Verified Complaint and further denies that Fabco is entitled to any of the remedies requested in paragraph 62 of the Verified Complaint.

## COUNT IV
### BREACH OF IMPLIED OBLIGATION OF GOOD FAITH

63. Heidtman adopts the several admissions denials and averments set forth above.

64. Heidtman admits the allegations contained in paragraph 64 of the Verified Complaint.

65. Heidtman denies the allegations contained in paragraph 65 of the Verified Complaint.

66. Heidtman denies the allegations contained in paragraph 66 of the Verified Complaint and further denies that Fabco is entitled to any of the remedies requested in paragraph 66 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

As further defense to the claims asserted against it, Heidtman alleges the following affirmative defenses:

1. Plaintiff's Verified Complaint fails to state a cause of action upon which relief may be granted.

2. This Court lacks subject matter jurisdiction as Fabco has suffered no damages.

3. Fabco has assumed the risk of a lack of .063 material by its failure, since January 2004, to take any action to secure an alternate source of supply.

4. Any damages suffered by Fabco are the result of its own actions. Fabco has been contributorially negligent by reason of its failure, since January 2004, to take any action to secure an alternate source of supply of the .063 material.

5. Fabco is estopped, by its prior course of dealings, from recovering upon any of its claim.

6. Plaintiff committed a prior material breach of the terms of Purchase Order S100158 by its repeated failure to pay within terms.

7. Plaintiff committed a prior material breach of what it characterizes as a

"requirements contract" by its cancellation of orders and sourcing of material from elsewhere.

8. Plaintiffs claims are barred by laches by reason of its failure, since January 2004, to take any action to find an alternate source of supply for the .063 material.

9. Plaintiff's claims are barred by the statute of frauds.

10. Plaintiff, by paying Heidtman's announced price increases through August 30, 2004, has waived its claims for relief.

11. As a merchant in goods plaintiff has violated its duty of good faith and fair dealing in its relationship with Heidtman.

12. Plaintiff's claim for equitable relief are barred by Fabco's unclean hands.

13. Plaintiff's claims for equitable relief are barred by the misrepresentations contained in its pleadings, moving papers and in the declaration of Mr. Tessier.

14. Any recovery by plaintiff is barred by set-off.

15. Purchase Order S100158 is not specifically enforceable by reason of lack of mutual obligation.

16. Purchase Order S100158 is not specifically enforceable by reason of its indefinite terms.

17. Plaintiff's damages claims are barred for its failure to mitigate damages

## JURY DEMAND

Heidtman hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Jeffrey G. Heuer
Jeffrey G. Heuer (P14925)
Patrice S. Arend (P56962)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000

John M. Carey (OH 0006248)
Robert W. Bohmer (OH 0063419)
WATKINS, BATES & CAREY, LLP
405 Madison Avenue, Suite 1900
Toledo, Ohio 43604
(419) 241-2100

DATE: December 10, 2004

*Attorneys for Heidtman Steel Products, Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ThyssenKrupp Fabco Corp.,**
a Nova Scotia corporation,

        Plaintiff,

v.

**Heidtman Steel Products, Inc.,**
an Ohio Corporation,

        Defendant.

Case No. 04-74331
Hon. Nancy G. Edmunds

---

Daniel N. Sharkey (P53837)
Eric M. Mathis (P65384)
BUTZEL LONG, P.C
150 West Jefferson, Suite 100
Detroit, Michigan 48226-4450
313-225-7000

*Attorneys for ThyssenKrupp Fabco Corp*

Jeffrey G. Heuer (P14925)
Patrice S. Arend (P56962)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
248-351-3000

John M. Carey (OH 0006248)
Robert W. Bohmer (OH 0063419)
WATKINS, BATES & CAREY, LLP
405 Madison Avenue, Suite 1900
Toledo, Ohio 43604
(419) 241-2100

*Attorneys for Heidtman Steel Products, Inc.*

---

1

**CERTIFICATE OF SERVICE**

I certify that on December 10, 2004, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to none of the parties. Accordingly, I hereby certify that I have mailed by United States Postal Service and faxed the paper to the following non-ECF participants.

Daniel N. Sharkey
Eric M. Mathis
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, Michigan 48226-4450

And

John M. Carey
Robert W. Bohmer
WATKINS, BATES & CAREY, LLP
405 Madison Avenue, Suite 1900
Toledo, Ohio 43604

By: _____
Jeffrey G. Heuer (P14925)
Patrice S. Arend (P56962)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000